C. D. PAIGE & CO. *vs.* JOHN F. GIBBONS, *Admr.*

JUNE 28, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an appeal from a decree of the Probate Court of the City of Providence denying a petition to file a claim against the estate of James P. Gibbons under provisions of Section 3, Chapter 365, G. L. 1923.

The appeal was tried before a justice of the Superior Court sitting with a jury and a verdict was returned which sustained the appeal. The case is before us on appellee's exceptions (1) to the refusal of the trial justice to direct a verdict in his favor; (2) to exceptions to the charge to the jury and the refusal to charge as requested and (3) to the denial of his motion for a new trial.

James P. Gibbons died June 19, 1925. Prior to his death he was engaged in the trucking business and had placed insurance on his trucks through the appellant. July 15, 1925, John F. Gibbons was appointed administrator of the estate of his brother, James. The business was continued by the administrator—by what authority does not appear. The appellant continued to furnish insurance to the administrator as he did to his intestate. The appellant received payments from time to time and now claims a balance due him of $914.91. At the time of the death of James P. Gibbons there was due the appellant $1,267.72. The appellant alleges that this amount was reduced to the sum now due by the application of payments made by the administrator in excess of the amount due for insurance furnished to him after the death of James P. Gibbons.

The appellant on July 13, 1930, five years after the death of the said James, petitioned the probate court for leave to file a claim against the estate under the provisions of said section 3. In September, 1929, previous to the filing of his petition, the appellant sent to the probate court a statement of his claim which was for insurance issued in March and May, 1928, and March and May, 1929. The amount claimed was $914.91, the amount now claimed to be due.

Under date of August 13, 1929, appellant sent a letter to the clerk of the probate court in which he said:

"Dear Sir:

We wish to call your official attention to the fact that it has been necessary for this office to cancel the insurance that we have had in effect for the Estate of James P. Gibbons. We regret the necessity of taking this step as the operation of these trucks without liability insurance is dangerous but we have paid out a good deal of money in adjustment of claims for this assured and have been unable to collect our premium. Our outstanding account against the estate is $916.90 and this is for

insurance that had been written during the life of this estate and since the death of Mr. Gibbons and in view of the fact that this is a preferred claim, we feel that the bill should be paid. We have been assured frequently during the past, by the administrator, that the estate was in perfectly solvent condition but we have learned, recently, some facts that lead us to doubt that this is so. We do not like to feel that the long continued operation of this estate has resulted in a dissipation of the assets. If this is not so, we should soon receive payment of our account.

Yours very truly,

C. D. Paige & Co.,

General Agents."

It is clear from these two documents that on his own admissions the appellant has no claim, as found by the probate court, for premiums for insurance furnished James F. Gibbons. If, as he now contends, the balance due arose from insurance furnished said James, how could he cancel the policies issued to John when there was nothing due from him?

It is quite evident that the appellant failed to take into consideration the difference between insurance furnished to the administrator and insurance furnished to his intestate; and that he kept a running account and applied payments as made to the oldest items. Appellant's own admissions are fatal to his present contention that the balance due him is from the estate of James.

A verdict should have been directed in favor of the appellee and his exception to the denial of his motion is sustained. In this view of the case, it is unnecessary to consider the other exceptions.

The appellant may appear before this court on July 3, 1933, and show cause, if any he has, why the case should

not be remitted to the Superior Court with directions to enter an order affirming the decree of the probate court.

*William A. Gunning*, for appellant.

*Walter J. Hennessey, Comstock & Canning, George A. Johnson*, for appellee.